No. 340.—H. Cushing, for use, etc., *v.* T. E. Jacobs.

A due bill for a certain amount given to secure payment of a shipment of cotton from the Red River to New Orleans at so much per bale—the number of bales to be ascertained after the boat arrives at New Orleans—can only be enforced for the number of bales actually carried at the rate agreed on.

APPEAL from the Tenth Judicial District Court, parish of Caddo. *Levisee*, J. *Land & Taylor*, for plaintiff and appellee. *Nutt & Leonard*, for defendant and appellant.

Howe, J. This action was commenced on the following instrument:

" Due H. Cushing $1240, charges on cotton taken from the wreck of the steamer D. C. Horton.

  (Signed)         T. E. JACOBS.
  (Indorsed)        H. CUSHING."

" October 7, 1865."

A number of points have been discussed in the briefs, but the only issue really made by the answer is as to the consideration of the due bill—in respect to which it is averred that "said note was without legal or valid consideration, and that same was signed in error."

The history of the due bill, as we interpret the testimony, is as follows : In October, 1865, the steamer Horton, loaded with about two hundred and seventy-five bales of · cotton, sank in Red River. Shortly after the steamer Cricket, commanded by defendant, came to her assistance. It was then agreed that the Cricket should take the cotton from the Horton and transport it to New Orleans, and there collect the full freight for the whole at the rate of $20 per bale, and pay to the Horton $10 per bale for all the dry cotton. The transfer from the sunken boat was made in the night and in a hurried manner, and it was estimated that there were one hundred and twenty-four bales of dry cotton, for which, at the rate of $10 per bale, the due bill was then and there given.

It was understood that the exact number of bales of dry cotton should be definitely ascertained in New Orleans, and on the arrival of the Cricket there, it was found by inspection and sampling that there were but sixty-five bales of dry cotton.

The testimony which discloses this state of facts was received without objection, and is neither impeached nor contradicted. We therefore conclude that the due bill as between the parties ought not to be enforced beyond the amount really contemplated by them at the moment it was signed. This amount is shown to have been $650.

It is therefore ordered that the judgment appealed from be reduced to the sum of six hundred and fifty dollars, with five per cent. interest thereon from October 7, 1865, and costs of lower court, and that plaintiff and appellee pay costs of appeal.